

**DANIEL MAJOR EDSTROM SR.**
2690 Brown Bear Court
Cool, CA 95614
Ph.: (916) 207-6706
E-mail: dmedstrom@hotmail.com

Debtor-in-possession

**PDFs**
**FILED**

JUL 1 2 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re:

DANIEL MAJOR EDSTROM SR.,

Debtor in Possession

) CASE NO. 16-24451-B-11
) DC No. DME-1
)
) Date: August 30, 2016
) Time: 2:30 p.m.
) Courtroom No.: 32
) Judge: Hon. Christopher D. Jaime
)
) United States Courthouse
) 501 I Street, 6th Floor
) Sacramento, CA 95814
)

**AMENDED REQUEST FOR JUDICIAL NOTICE OF EXHIBITS TO DISCLO-SURE STATEMENT OF DANIEL MAJOR EDSTROM SR.
DATED AND FILED JULY 8, 2016**

Debtor-In-Possession DANIEL MAJOR EDSTROM ("Debtor") hereby requests the Court to take judicial notice of the following documents, each as an Exhibit to Debtor's Disclosure Statement of Daniel Major Edstrom Sr. dated and filed July 8, 2016, and each of which is also attached hereto as described below and incorporated herein by reference:

///

///

| EXHIBIT | DOCUMENT | BEGIN PAGE |
|---|---|---|
| 1 | Debtors' Proposed Plan of Reorganization | 3 |
| 2 | Proposed Ballot for Accepting or Rejecting Debtor's Plan of Reorganization | 25 |
| 3 | Debtors' Pro Forma Projections (2016 - 2021) | 29 |

This request for judicial notice is made pursuant to Federal Rule of Evidence § 201, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure § 9017.

DATED:  July 8, 2016

By: _Daniel Myr Edw Sr._

Daniel Major Edstrom Sr.,
Debtor-in-Possession



FILED

JUL - 8 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2 **DANIEL MAJOR EDSTROM SR.**
2690 Brown Bear Court
3 Cool, CA 95614
Ph.: (916) 207-6706
4 E-mail: dmedstrom@hotmail.com

5 Debtor-in-possession

6

7

8 **UNITED STATES BANKRUPTCY COURT**

9 **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

10 **SACRAMENTO DIVISION**

11

12 In re: ) CASE NO. 2016- 24451-8-11
) DC No. DME-1
13 )
DANIEL MAJOR EDSTROM SR., ) Date:
14 ) Time:
Debtor in Possession ) Courtroom No.: 32
15 ) Judge: Hon. Christopher D. Jaime
16 )
) United States Courthouse
17 ) 501 I Street, 6th Floor
) Sacramento, CA 95814
18 )

19 **PLAN OF REORGANIZATION OF DANIEL MAJOR EDSTROM SR.**
**DATED AND FILED JULY 8, 2016**
20

21 ## Table of Contents

22 **ARTICLE I - SUMMARY** .................................................................... 2

23 **ARTICLE II - DEFINITIONS** ............................................................... 3

24 **ARTICLE III – CLASSIFICATION AND TREATMENT OF CLAIMS** ............................ 6

**ARTICLE IV – TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS. U.S.**
25 **TRUSTEE FEES, PROFESSIONAL FEES, AND PRIORITY TAX CLAIMS**.................. 11

26 **ARTICLE V – PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES** ......................................................................................... 12

27 **ARTICLE VI – MEANS FOR IMPLEMENTATION OF THE PLAN** ................................ 13

28

**ARTICLE VII – GENERAL PROVISIONS**................................................................ 15

**ARTICLE VIII – DISCHARGE** .............................................................................. 21

### ARTICLE I - SUMMARY

This Plan of Reorganization dated and filed July 8, 2016 (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") proposes to pay the creditors of Daniel Major Edstrom Sr., the abovecaptioned Debtor-in-possession (the "Debtor" or "Debtors") from the reorganization of all future income of Debtor.

This Plan divides the creditors whose claims existed prior to the bankruptcy filing date, July 8, 2016, into nine (9) separate classes, which consist of one (1) class (Class 1) that is an unimpaired secured claim secured by a life insurance policy commonly described as State Farm Insurance Whole Life Policy, and seven (7) classes (Classes 2 through 8) that are unimpaired unsecured classes, which consist of Class 2 of Auburn Lake Trails POA, Class 3 of Capital One, Class 4 of Credit One, Class 5 of Merrick Bank, Class 6 of Myron Corporation, Class 7 of Jan van Eck, and Class 8 of Kevin Saitta. Finally, Class 9 consists of unimpaired general unsecured claims of the Debtor. In the opinion of Debtor, none of the classes are impaired within the meaning of 11 U.S.C. § 1124. There are no known creditors holding any *allowed* Class 9 claims[1]. The following Plan also provides for the vesting in Debtor of the property of this bankruptcy estate (Class 10).

The following Plan also provides for the treatment of administrative expense claims and priority tax claims, although all such claims, pursuant to 11 U.S.C. § 1123(a)(1), are not placed into any class(es). For clarity, each of these is set forth individually in Article IV of this Plan.

Debtor is not currently involved in litigation.

All creditors should refer to Articles III through V of this Plan for information regarding the precise treatment of their claims. A Disclosure Statement that provides more detailed

---

[1] Debtor scheduled one Class 9 claimant as disputed, which consists of a fraudulent credit card purchase

1  information regarding this Plan and the rights of creditors was circulated with this Plan. Your

2  rights may be affected. You should read these papers carefully and discuss them with your at-

3  torney. If you do not have an attorney, you may wish to consult one.

4  ### ARTICLE II - DEFINITIONS

5      2.1 **"Allowed Claim"** shall mean a Claim (a) in respect of which a proof of claim has

6  been filed with the court within the applicable period of limitation fixed by Bankruptcy Rule

7  3001; or (b) scheduled in the List of Creditors or Schedules prepared and filed with the court

8  pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or un-liquidated as

9  to amount, in either case as to which no objection to the allowance thereof has been interposed

10 within any applicable period of limitation fixed by Rule 3001 or an order of the court, or as to

11 which any such objection has been determined by an order or judgment which is no longer sub-

12 ject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is

13 pending.

14     2.2 **"Allowed Interest"** shall mean an Interest (a) in respect of which a proof of interest

15 has been filed with the court within the applicable period of limitation fixed by Rule 3001; or

16 (b) scheduled in the list of equity security holders prepared and filed with the court pursuant to

17 Rule 1007(b), in either case as to which no objection to the allowance thereof has been inter-

18 posed within any applicable period of limitation fixed by Rule 3001 or an order of the court, or

19 as to which any such objection has been determined by an order or judgment which is no long-

20 er subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding

21 is pending.

22     2.3 **"Allowed Secured Claim"** shall mean an Allowed Claim secured by a lien, securi-

23 ty interest or other charge against or interest in property in which Debtor has an interest, or

24 which is subject to setoff under Section 553 of the Code to the extent of the value (determined

25 in accordance with Section 506(a) of the Code) of the interest of the holder of such Allowed

26 Claim in the Debtor's interest in such property or to the extent of the amount subject to such

27 setoff, as the case may be.

28

2.4 **"Claim"** shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, beneficial, secured or unsecured.

2.5 **"Class"** shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III hereof.

2.6 **"Code"** shall mean the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. and any amendments thereof.

2.7 **"Confirmation Date"** shall mean the date upon which the Order of Confirmation is entered by the court.

2.8 **"Court"** shall mean the United States Bankruptcy Court for the Eastern District of California, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

2.9 **"Creditor"** shall mean any person or entity that has a claim against the debtor.

2.10 **"Debtor"** or "Debtors" shall mean Daniel Major Edstrom, Sr.

2.11 **"Effective Date"** shall mean the fifteenth business day following the date of the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

2.12 **"Indebtedness"** as applied to the Debtor shall mean:

      (a) all indebtedness or other obligations of the Debtor for borrowed money for the deferred purchase price of property or services.

      (b) all indebtedness of the Debtor, contingent, direct or otherwise, secured (or for which the holder of such indebtedness has an existing right contingent or otherwise to be secured) by any mortgage, pledge, lien, security interest or vender's interest under any condition-

1  al sale or other title retention agreement existing on any property or asset owned or held by the

2  Debtor, whether or not the indebtedness secured thereby shall have been assumed by the Debt-

3  or (hereinafter "Secured Indebtedness"); or

4          (c) all indebtedness of others, secured or unsecured, directly or indirectly guaran-

5  teed, endorsed, or discounted with recourse by the Debtor, or in respect of which the Debtor is

6  otherwise directly or indirectly liable, including without limitation, indebtedness in effect

7  guaranteed by the Debtor through any agreement (contingent or otherwise) to purchase, repur-

8  chase or otherwise acquire such indebtedness or any security therefore, or to provide funds for

9  the payment or discharge of such indebtedness or of any other liability of the obligor of such

10  indebtedness (whether in the form of loans, advances, stock purchases, capital contributions or

11  otherwise), or to maintain the solvency or any balance sheet or other financial condition of the

12  obligor of such indebtedness, or to make payment for any products, materials or supplies or for

13  any transportation or services regardless of the non-delivery or non-furnishing thereof.

14      2.13 **"Net Income"** shall have the same definition as is used on Schedule J of the Offi-

15  cial Bankruptcy Forms, specifically line 20.c.

16      2.14 **"Order of Confirmation"** shall mean the order entered by the court confirming

17  the Plan in accordance with the provisions of Chapter 11 of the Code which order is no longer

18  subject to appeal or certiorari proceeding or as to which no appeal or certiorari proceeding is

19  pending.

20      2.15 **"Person"** shall mean an individual, corporation, partnership, joint venture, trust,

21  estate, unincorporated organization, or a government or any agency or political subdivision

22  thereof.

23      2.16 **"Petition Date"** shall mean July 8, 2016 the date on which Debtor filed his Chap-

24  ter 11 petition with the court.

25      2.17 **"Plan"** shall mean this Chapter 11 Plan dated July 8, 2016.

26      2.18 **"Rules"** shall mean the Bankruptcy Rules, as amended and supplemented by the

27  Interim Bankruptcy Rules (and local bankruptcy rules) as adopted by the court.

28

2.19 **"Secured Creditor"** shall mean any creditor who holds a claim against the Debtor secured by a lien, security interest or other encumbrance which has been properly attached and perfected as required by law with respect to property of the estate, or who holds a claim that is subject to setoff under Section 553 of the Code to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be.

2.20 Undefined Terms and Section Numbers. A term used, but not defined, in this Plan, but defined in the Code has the meaning given to that term in the code, unless the context clearly indicates or requires otherwise. References in this Plan Including Disclosure Statement Information to a code section are references to the Code, except as otherwise indicated.

### ARTICLE III – CLASSIFICATION AND TREATMENT OF CLAIMS

3.1 Class 1 (not impaired):

(a) A Secured Claim held by Creditor State Farm Insurance, in the amount of $ 22,496.65, for a Secured Claim secured by Debtors' Life Insurance Policy commonly described as State Farm Insurance Whole Life Insurance Policy # xx-xxxx-0759 (the "Policy").

(b) State Farm Insurance Company shall have an Allowed Secured Claim in the amount of $ 22,496.65. The Debtor shall pay State Farm Life Insurance Company the sum Twenty-Two Thousand Four Hundred Ninety-Six Dollars and sixty-fifty cents ($ 22,496.65), at a fixed rate of Eight percent (8.00%) for approximately 10 years, strictly pursuant to the original prepetition agreements. This account is not currently delinquent and Debtor will provide payments pursuant to the original agreement. If there is any conflict between the terms of Debtors plan and the pre-petition agreement, the pre-petition agreement governs. The payment terms, the terms, conditions and covenants of the original agreement and related security agreement shall not be modified. State Farm Insurance shall retain its lien on Debtors Life Insurance Policy until paid in full as provided in the Plan.

(c) Consequent to and consistent with subsections 3.1(a) and (b), Debtor shall pay to Creditor State Farm Insurance, as Debtors' provision for its Class 1 claim, as specified in the

1  agreement and related security agreements in existence prior to the petition Date, $272.95 per

2  month.

3      3.2 Class 2 (not impaired):

4      (a) An unsecured Claim held by Creditor Auburn Lake Trials POA, in the amount of $

5  865.12, with account number # xxxx877 (the "HOA").

6      (b) Auburn Lake Trails POA shall have an Allowed Unsecured Claim in the amount of

7  $ 865.12. The Debtor shall pay Auburn Lake Trails POA the sum of Eight Hundred Sixty-Five

8  Dollars and Twelve cents ($865.12), together with interest on the unpaid principal at a fixed

9  rate of ten percent (10.0%) in 5 equal yearly installments commencing the first day of the

10 twelfth full month following the Effective Date, and continuing on the first day of each twelfth

11 month thereafter until the new maturity date. Interest shall be calculated on a 365-day year.

12 With exception of the modification of the payment terms, the terms, conditions and covenants

13 of the related governing documents (i.e. CC&R's) shall not be modified. Auburn Lake Trails

14 POA shall be paid in full as provided in this Plan.

15     (c) Consequent to and consistent with subsections 3.2 (a) and (b), Debtor shall pay to

16 Creditor Auburn Lake Trails POA, as Debtor's provision for its Class 2 claim, over the course

17 of 4 years, $228.22 per year, with a final payment of $207.47 in the fifth year.

18     3.3 Class 3 (not impaired)

19     (a) An Unsecured Claim held by Creditor Capital One, in the amount of $956.44, with

20 account #xxxx3922 ("CapOne").

21     (b) Capital One shall have an Allowed Unsecured Claim in the amount of $956.44. The

22 Debtor shall pay Capital One the sum of Nine Hundred Fifty-six Dollars and Forty-Four cents

23 ($956.44), at a fixed rate of twenty-four and ninety-nine hundredths percent (24.99%) in 5

24 equal yearly installments commencing the first day of the twelfth full month following the Ef-

25 fective Date, and continuing on the first day of each twelfth month thereafter until the new ma-

26 turity date. Interest shall be calculated on a 365-day year. With exception of the modification

27 of the payment terms, the terms, conditions and covenants of the related governing documents

28

1   (i.e. Credit card agreements) shall not be modified. Capital One shall be paid in full as provid-
2   ed in this Plan.

3          (c) Consequent to and consistent with subsections 3.3 (a) and (b), Debtor shall pay to
4   Creditor Capital One, as Debtors' provision for its Class 3 claim, over the course of 4 years,
5   $355.58 per year, with a final payment of $284.48 in the fifth year.

6          3.4 Class 4 (not impaired)

7          (a) An Unsecured Claim held by Creditor CreditOne Bank, in the amount of $456.54,
8   with account #xxxx4724 ("CreditOne").

9          (b) CreditOne Bank shall have an Allowed Unsecured Claim in the amount of $456.54.
10  The Debtor shall pay CreditOne Bank the sum of Four Hundred Fifty-six Dollars and Fifty-
11  Four cents ($456.54), at a fixed rate of twenty and fifteen hundredths percent (20.15%) in 5
12  equal yearly installments commencing the first day of the twelfth full month following the Ef-
13  fective Date, and continuing on the first day of each twelfth month thereafter until the new ma-
14  turity date. Interest shall be calculated on a 365-day year. With exception of the modification
15  of the payment terms, the terms, conditions and covenants of the related governing documents
16  (i.e. Credit card agreements) shall not be modified. CreditOne Bank shall be paid in full as
17  provided in this Plan.

18         (c) Consequent to and consistent with subsections 3.4 (a) and (b), Debtor shall pay to
19  CreditOne Bank, as Debtors' provision for its Class 4 claim, over the course of 4 years,
20  $153.16 per year, with a final payment of $127.48 in the fifth year.

21         3.5 Class 5 (not impaired)

22         (a) An Unsecured Claim held by Creditor Merrick Bank, in the amount of $1,395.04,
23  with account #xxxx9741 ("Merrick").

24         (b) Merrick Bank shall have an Allowed Unsecured Claim in the amount of $1,395.04.
25  The Debtor shall pay Merrick Bank the sum of One Thousand Three Hundred Ninety-Five
26  Dollars and Four cents ($1,395.04), at a fixed rate of twenty-five and seventy hundredths per-
27  cent (25.70%) in 5 equal yearly installments commencing the first day of the twelfth full month
28

following the Effective Date, and continuing on the first day of each twelfth month thereafter until the new maturity date. Interest shall be calculated on a 365-day year. With exception of the modification of the payment terms, the terms, conditions and covenants of the related governing documents (i.e. Credit card agreements) shall not be modified. Merrick Bank shall be paid in full as provided in this Plan.

(c) Consequent to and consistent with subsections 3.5 (a) and (b), Debtor shall pay to Merrick Bank, as Debtors' provision for its Class 5 claim, over the course of 4 years, $526.20 per year, with a final payment of $418.62 in the fifth year.

3.6 Class 6 (not impaired)

(a) An Unsecured Claim held by Myron Corporation, in the amount of $55.79, with account #xxxx2471 ("Myron").

(b) Myron Corporation shall have an Allowed Unsecured Claim in the amount of $55.79. The Debtor shall pay Myron Corporation the sum of Fifty-Five Dollars and Seventy-Nine cents ($55.79), at a fixed rate of ten percent (10.00%) in 5 equal yearly installments commencing the first day of the twelfth full month following the Effective Date, and continuing on the first day of each twelfth month thereafter until the new maturity date. Interest shall be calculated on a 365-day year. With exception of the modification of the payment terms, the terms, conditions and covenants of the related governing documents (i.e. Purchase and Purchase Order agreements) shall not be modified. Myron Corporation shall be paid in full as provided in this Plan.

(c) Consequent to and consistent with subsections 3.6 (a) and (b), Debtor shall pay to Myron Corporation, as Debtors' provision for its Class 6 claim, over the course of 4 years, $14.72 per year, with a final payment of $13.38 in the fifth year.

3.7 Class 7 (not impaired)

(a) An Unsecured Claim held by Jan van Eck, in the amount of $1,200.00 ("JvE").

(b) Jan van Eck shall have an Allowed Unsecured Claim in the amount of $1,200.00. The Debtor shall pay Jan van Eck the sum of One Thousand Two Hundred Dollars and Zero

1  cents ($1,200.00), at a fixed rate of ten percent (10.00%) in 5 equal yearly installments com-

2  mencing the first day of the twelfth full month following the Effective Date, and continuing on

3  the first day of each twelfth month thereafter until the new maturity date. Interest shall be cal-

4  culated on a 365-day year. With exception of the modification of the payment terms, the terms,

5  conditions and covenants of the related governing documents (i.e. verbal agreements) shall not

6  be modified. Jan van Eck shall be paid in full as provided in this Plan.

7  (c) Consequent to and consistent with subsections 3.7 (a) and (b), Debtor shall pay to

8  Jan van Eck, as Debtors' provision for its Class 7 claim, over the course of 4 years, $ 316.56

9  per year, with a final payment of $ 287.78 in the fifth year.

10  3.8 Class 8 (not impaired)

11  (a) An Unsecured Claim held by Kevin Saitta, in the amount of $2,000.00 ("KS").

12  (b) Kevin Saitta shall have an Allowed Unsecured Claim in the amount of $2,000.00.

13  The Debtor shall pay Kevin Saitta the sum of Two Thousand Dollars and Zero cents

14  ($2,000.00), at a fixed rate of ten percent (10.00%) in 5 equal yearly installments commencing

15  the first day of the twelfth full month following the Effective Date, and continuing on the first

16  day of each twelfth month thereafter until the new maturity date. Interest shall be calculated on

17  a 365-day year. With exception of the modification of the payment terms, the terms, conditions

18  and covenants of the related governing documents (i.e. verbal agreements) shall not be modi-

19  fied. Kevin Saitta shall be paid in full as provided in this Plan.

20  (c) Consequent to and consistent with subsections 3.8 (a) and (b), Debtor shall pay to

21  Kevin Saitta, as Debtors' provision for its Class 8 claim, over the course of 4 years, $527.59

22  per year, with a final payment of $479.63 in the fifth year.

23  3.9 Class 9 (not impaired)

24  (a) All general unsecured claims, other than Priority tax and non-dischargeable Claims

25  [provided for in Section 4.3], of creditors whose unsecured claims arose in any manner prior to

26  the filing of this bankruptcy case, are not accounted for in other classes of claims, or arose

27

28

1  from the rejection of an executory contract or lease prior to the rejection of the same. *There are*
2  *currently no allowed undisputed Class 9 claims.*

3      (b) Class 9 claims will be paid 100% on the dollar at either 10% interest or the interest
4  specified in the respective claimant's governing documents. Class 9 claim payments shall be
5  made in 5 equal yearly installments commencing the first day of the twelfth full month follow-
6  ing the Effective Date, and continuing on the first day of each twelfth month thereafter until the
7  new maturity date. Interest shall be calculated on a 365-day year. With exception of the modi-
8  fication of the payment terms, the terms, conditions and covenants of the related governing
9  documents (i.e. written contracts and/or verbal agreements, etc.) shall not be modified. Class 9
10  claims shall be paid in full as provided in this Plan.

11      (c) Consequent to and consistent with subsections 3.9 (a) and (b), Debtor shall pay to
12  any Class 9 claimant, as Debtors' provision for its Class 9 claim, their applicable yearly in-
13  stallments over the course of 5 years.

14      3.10 Class 10 (not impaired):

15      (a) The Class 10 claim shall include Debtor's interest in the property of this bankruptcy
16  estate, all of which property shall entirely vest in Debtor upon confirmation of this Plan.

17      (b) The Class 10 claim is unimpaired by this Plan.

18  **ARTICLE IV – TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.**

19  **U.S. TRUSTEE FEES, PROFESSIONAL FEES, AND PRIORITY TAX CLAIMS**

20      4.1 Unclassified Claims. In accordance with 11 U.S.C. § 1123(a)(1), administrative ex-
21  pense claims and priority tax claims are not in classes.

22      4.2 Administrative Expense Claims. Costs and expenses of administration as defined
23  and allowed 11 U.S.C. §§ 503, 507, for which application for allowance is made or a claim is
24  filed, either prior to or after, the effective date of this plan, as the same are allowed, approved
25  and ordered paid by this court. Administrative Expense Claims shall be paid in full on the Ef-
26  fective Date of this Plan, or when they are allowed, whichever occurs later, unless the adminis-
27  trative claimants agree otherwise.

28

4.3 Priority Tax Claims. Claims entitled to "priority," as such term is defined 11 U.S.C. § 507(a)(8), as the same are allowed, approved and ordered paid by the court. Priority Tax Claims shall be paid in full, with interest at four percent (4%), in three (3) equal installments, with each such installment, to be made yearly commencing the first day of the twelfth full month following the Effective Date of Debtor's Plan of Reorganization. Consequent to and consistent with this, Debtors shall pay to Creditor Internal Revenue Service its Priority Tax Claim of $ 992.42, over the course of 3 years at $357.62 per year[2], with the first such payment to be paid on or before December 1, 2017, such that the last such payment shall be paid, at the latest, on December 1, 2019, which is a date less than five (5) years following the July 8, 2016 petition date.

4.4 United States Trustee Fees. A quarterly fee shall be paid by Debtor to the United States Trustee, for deposit into the United States Treasury, for each quarter (including any fraction thereof) until this case is converted, dismissed, or closed by the entry of a final decree pursuant to 28 U.S.C. § 1930(a)(6). Debtor shall pay in full on the Effective Date of the Plan any amount owed by Debtor to the United States Trustee as of the Effective Date.

## ARTICLE V – PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1 All executory contracts and unexpired leases of the Debtor, under which the Debtor may owe a monetary obligation, which were not previously assumed or rejected under 11 U.S.C. § 365 with approval of this court, are hereby expressly rejected. To the extent that any present and/or future accounts receivable and present and/or future leases with tenants in which Debtor is lessor may be construed to be governed by 11 U.S.C. § 365, the same are expressly assumed under 11 U.S.C. § 365. Any claim for damages allegedly suffered or incurred by any person or entity who is a party to such rejected contracts or leases shall file a proof of Claim herein within thirty (30) days after the Effective Date of this Plan, and such Claim shall be treated as not impaired and Debtor will motion the Court to amend the Plan to include this

---

[2] The last payment (payment #3) is actually $343.86

1  Proof of Claim (pre confirmation or post confirmation depending on the timing for when the

2  Proof of Claim is filed in the Claims Registry) as part of Class 9 general unsecured claims.

3  Debtor reserves the right to object to any Proof of Claim, as described in section 7.9 of Article

4  VII.

5  **ARTICLE VI – MEANS FOR IMPLEMENTATION OF THE PLAN**

6      6.1 Source of Payments. The Debtor is an individual and currently changing his em-

7  ployement from a W-2 employee (majority of income) to income now generated through his

8  business. Debtor worked as a W-2 employee of Mastech, Inc. on a contract for work that actu-

9  ally started on July 28, 2014 and ended on May 27, 2016. Debtor also conducts business

10 through DTC Systems, Inc., Debtors corporation. While Debtor has been on a W-2 contract

11 directly for most of the last 2 years, the great majority of Debtors income over the last 19 years

12 has been through DTC Systems, Inc. Debtor incorporated DTC Systems (together with his non-

13 filing spouse) in January 1997. Debtor expects to generate the majority of Debtors revenue

14 through DTC Systems, Inc. Payments and distributions under the Plan will be funded by the

15 Debtor as well as his non-filing spouse, based upon his projected monthly revenues as derived

16 from the combination of all of his employment plus business activities, which projected

17 amount at present is based on income realized by Debtor through the first 5 months of 2016.

18 When Debtor's past employment income from Mastech, Inc. is considered together with his

19 new business income, it is sufficient to (a) meet Debtors' ongoing necessary business and ad-

20 ministrative expenses, (b) meet Debtors' ongoing personal living expenses, and (c) fully fund

21 the Plan as proposed. Debtor, by way of his employment with Mastech, Inc. as a Microsoft

22 SharePoint Architect and Developer, Debtor has generated substantial revenue, which as of

23 June 2, 2016 consists of a total of $ 51,843 (or $ 8,640.50 for each month of January through

24 June of 2016). Debtor's Information Technology experience is 20 years with specific and rele-

25 vant SharePoint experience for greater than 10 years.

26     Additionally, Debtor will secure financing post-petition on his property (real and/or

27 personal) and pay all classes of claims in full upon the close of escrow related to such financ-

28

1    ing. This finance option will not delay any scheduled plan payments that are due, it will only

2    work to pre-pay payments that are due in the future.

3        Additionally, and alternatively to the secured financing in the previous paragraph,

4    Debtor will sell his real property to pay off all classes of claims in full upon the close of escrow

5    related to such sale. This sales option will not delay any scheduled plan payments that are due,

6    it will only work to pre-pay payments that are due in the future.

7        6.2 Method of Plan Payments

8        a. Debtor shall commence yearly distributions to the Creditors on the first date of the

9    twelfth full month after the Effective Date of the Plan, with the exception of the Class 1 se-

10   cured claim, which shall continue monthly. Additionally, the priority IRS tax claim will also be

11   paid in yearly installments commencing on the first date of the twelfth full month after the Ef-

12   fective Date of the Plan.

13       Additionally, a single payment shall be distributed at the close of escrow[3] to pay off

14   each unsecured creditor if Debtor secures financing on his property (real or personal). All

15   payments scheduled under this plan are due and payable and will be paid as required prior to

16   the close of escrow for secured financing, if applicable.

17       Additionally, and alternatively a single payment shall be distributed at the close of es-

18   crow to pay off each unsecured creditor if Debtor sells his real property. All payments sched-

19   uled under this plan are due and payable and will be paid as required prior to the escrow close

20   of Debtor selling his real property, if applicable.

21       b. Except as otherwise provided in the Plan, or upon the entry of a final, nonappealable

22   order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the

23   Plan on account of a disputed claim that becomes an allowed claim after the effective date of

24   the Plan shall be begin on the regular yearly payment date[4], as established by the Debtor,

25   which is at least thirty (30) days after such claim becomes an allowed claim.

26

27   _____
     [3] Escrow would only be applicable to a real property transaction
28   [4] Or monthly payment date, if applicable

14

Plan of Reorganization
In re Daniel Major Edstrom Sr.; Case No. 2016-

c. Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court. In the event that there are disputed claims requiring adjudication and resolution, the Debtor shall establish appropriate reserves for potential payment of such Claims.

6.3 Disbursing agent. The disbursing agent who shall be appointed and authorized to make all disbursements and payments required by this Plan is the Debtor, Daniel Major Edstrom Sr. The disbursements hereunder shall be made by checks drawn on the accounts of the Debtor and signed by the debtor as disbursing agent, provided, however, that the disbursing agent shall not be liable for any action or failure to act hereunder in the absence of proof of bad faith or gross negligence.

To the extent Debtor enters into any escrow for secured financing or the sale of his real property, Debtor will provide the escrow agent with the information necessary to pay all plan claims in full as part of the escrow transaction.

6.4 Post-confirmation Management. The Debtor will manage his business operations and property post-petition in the ordinary course. Debtor will be authorized to enter into, terminate and renew lease agreements as he sees fit.

### ARTICLE VII – GENERAL PROVISIONS

7.1. Definitions and Rules of Construction. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

7.2. Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.3. Modification of Plan. Debtor retains the right to request modification of this Plan, at any time prior to its completion, so long as the Plan as so modified is prior to substantial consummation and otherwise complies with 11 U.S.C. § 1127.

7.4 Vesting of Property. Upon the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to 11 U.S.C. § 1141(b) free and clear of all claims and interests except as provided in this Plan, subject to Debtor performing the provisions in this Plan.

7.5 Quarterly Fees to U.S. Trustee. A quarterly fee shall be paid by Debtor to the United States Trustee, for deposit into the United States Treasury, for each quarter (including any fraction thereof) until this case is converted, dismissed, or closed by the entry of a final decree, pursuant to 28 U.S.C. § 1930(a)(6). Debtor shall pay in full on the Effective Date of the Plan any amount owed by Debtor to the United States Trustee as of the Effective Date.

7.6 Post-confirmation Reports and Final Decree.

(a) Post-confirmation Reports. At the end of each calendar quarter after confirmation of this Plan, Debtor shall file with the Court a post-confirmation status report, the purpose of which is to explain the progress made toward full administration of the confirmed Plan of Reorganization. The first report shall be filed for the portion of the calendar quarter from the date of confirmation to the end of the quarter. Subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion, or entry of a final decree closing the case. Reports shall be filed with the Court and served upon the United States Trustee no later than twenty (20) days after the expiration of the reported quarter.

(b) The report shall include at a minimum: (1) A schedule listing for each debt and each class of claims: the total amount required to be paid under the plan; the amount required to be paid as of the date of the report; the amount actually paid as of the date of the report; and the deficiency, if any, in required payments; (2) A schedule of any and all postconfirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon; (3) Debtor's projections as to its continuing ability to comply with the terms of the plan; (4) An

16

Plan of Reorganization
In re Daniel Major Edstrom Sr.; Case No. 2016-

1   estimate of the date for plan consummation and application for final decree; and (5) Any other

2   pertinent information needed to explain the progress toward completion of the confirmed plan.

3         (c) Service of Reports: A copy of each report shall be served upon the United

4   States Trustee and other persons or entities as have requested service of such reports in writing

5   with the Court and served upon Debtor and his counsel, no later than the day upon which the

6   report is filed with the Court.

7         (d) Final Decree: After the estate is fully administered, Debtor shall file an applica-

8   tion for final decree, and shall serve the application on the United States Trustee, together with

9   a proposed final decree. The United States Trustee shall have twenty (20) days within which to

10   object or otherwise comment upon the Court's entry of the final decree.

11      7.7 The Reorganized Debtor. The Debtor is a self-employed individual who conducts

12   his independent business activities through his Corporation, and moreover, Debtor recently

13   earned revenue as a W-2 full time employee of Mastech, Inc. The reorganized Debtor may

14   conduct and operate all his businesses without supervision or approval by the Bankruptcy

15   Court. Debtor will be authorized to enter into, terminate and renew lease agreements and busi-

16   ness engagement contracts as he sees fit. Such activities will include, but not necessarily be

17   limited to, entering into lease contracts for Debtor's real property and/or contracts for im-

18   provement of real property, repairing real properties and maintaining a reserve account.

19      7.8 Release of Liens, Claims and Equity Interests. After the successful completion of

20   the plan all unsecured liens, claims, mortgages, deeds of trust, or other security instruments

21   against the property of the Debtor's estate shall be fully released and discharged. The security

22   interests of the Debtor's lien holders (secured claimants), however, shall be unimpaired under

23   the Plan with respect to both the Debtor and his property.

24      7.9 Objection(s) to Claims. Debtor shall review all Claims in this case and shall file any

25   objections as are deemed appropriate in writing on or before sixty (60) days after the Effective

26   Date of this Plan, or within 30 days of the filing of a valid and timely Proof of Claim, whichev-

27   er is later.

28

1     7.10 Unclaimed Distributions. Whenever a distribution to a holder of an Allowed Claim

2 remains unclaimed for ninety (90) days from issuance, the holder of the Allowed Claim there-

3 tofore entitled to such distribution shall cease to be entitled to such distribution and shall cease

4 to be entitled to any further distribution(s).

5     7.11 Event of Default. In the event there is a default in the payment of any claim, or a

6 material default in the performance by Debtor of his obligations under the Plan, and if the

7 Debtor fails to cure the default within twenty (20) calendar days of the receipt of a written no-

8 tice from such affected Claimant, the holders of such claims shall be free to exercise any and

9 all remedies they may have under state and federal law, without necessity of further order of

10 this Court. Alternatively, in the event there is a default under the terms of the Plan after the Ef-

11 fective Date, in accordance with Section 1112(b) of the Code, holders of claims shall be enti-

12 tled to move for dismissal of the case. The provisions of this section shall not be construed to

13 limit the remedies creditors and other parties-in-interest may have under state or federal law.

14     7.12 Retention of jurisdiction. The court shall retain jurisdiction to enforce and/or re-

15 solve disputes arising out of post-confirmation issues to the extent consistent with *In re Pega-*

16 *sus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (adopting the *In re Resorts Int'l, Inc.*, 372

17 F.3d 154, 166-67 (3d Cir. 2004) test for post-confirmation "related to" jurisdiction).

18     7.13 Retention and Enforcement of Claims. Pursuant to Section 1123(b)(3) of the Code,

19 the Debtor shall retain and hereby expressly reserves the right and discretion to prosecute or

20 enforce any and all Claims, including, but not limited to, causes of action against third parties

21 under applicable state or federal law, held by Debtor, whether such claims arose or accrued be-

22 fore or after the July 8, 2016 filing date.

23     7.14 Use of Bankruptcy Code Section 1129(b). The Debtor, as the proponent of this

24 Chapter 11 Plan, hereby requests pursuant to Section 1129(b) of the Code, that this Court find

25 that the provisions of this Plan provide fair and equitable treatment to and do not unfairly dis-

26 criminate against those Claimants and interest holders who are impaired under the Plan and/or

27 who otherwise elect not to accept the Plan, and that this Court confirm the Plan under the so-

28

1  called "cramdown" provisions of the Plan pursuant to Section 1129(b) of the Code notwith-

2  standing the requirement of Section 1129(a)(8) of the Code as to such Claimants.

3     In the event Debtor shall make use of Bankruptcy Code Section 1129(b) for confirma-

4  tion of his Plan, such confirmation shall be subject to and in conformity with the "absolute pri-

5  ority rule." The absolute priority rule prohibits a junior class of claims or interests from receiv-

6  ing or retaining any property or interest unless all classes of senior claims either receive full

7  value of their claims or give their consent.

8     7.15 Term of Plan. This Plan shall continue in effect until all five (5) yearly installment

9  payments to the Unsecured Creditors (Classes 2 through 9; see Sections 3.2 through 3.9) are

10  paid in accordance with this Plan, or in accordance with any approved modification thereto.

11     7.16 Effectuating Documents; Further Transactions. The Debtor may take all actions to

12  execute, deliver, file or record such contracts, instruments, releases and other agreements or

13  documents and take such actions as may be necessary or appropriate to effectuate and imple-

14  ment the provisions of the Plan.

15     7.17 Exemption from Certain Transfer Taxes. Pursuant to section 1146(a) of the Bank-

16  ruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp

17  tax or other similar tax or governmental assessment in the United States, and the confirmation

18  order shall direct the appropriate state or local governmental officials or agents to forgo the

19  collection of any such tax or governmental assessment and to accept for filing and recordation

20  instruments or other documents pursuant to such transfers of property without the payment of

21  any such tax or governmental assessment.

22     7.18 Revocation of Plan. The Debtor reserves the right to revoke or withdraw the Plan

23  prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtor revokes

24  or withdraws the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and

25  void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or re-

26  jection of Executory Contracts or Unexpired Leases effected by the Plan and any document or

27  agreement executed pursuant hereto shall be deemed null and void except as may be set forth

28

in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against the Debtor or any other entity; (b) prejudice in any manner the rights of the Debtor or any other entity; or (c) constitute an admission, acknowledgment, offer or undertaking of any sort by the Debtor or any other entity.

7.19 Successors and Assigns. The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

7.20 Reservation of Rights. Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order. Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by the Debtor or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

7.21 Further Assurances. The Debtor or the reorganized Debtor, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

7.22 Severability. If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, provided that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtor, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

///

1    7.23 Return of Security Deposits. Debtor has no security deposits.

2    7.24 Filing of Additional Documents. On or before the Effective Date, the Debtor may

3    file with the Court all agreements and other documents that may be necessary or appropriate to

4    effectuate and further evidence the terms and conditions hereof.

5    7.25 Captions. The headings contained in this Plan are for convenience of reference on-

6    ly and do not affect the meaning or interpretation of this Plan.

7    **ARTICLE VIII – DISCHARGE**

8    8.1 Discharge. Confirmation of this Plan does not discharge[5] any debt provided for in

9    this Plan as Debtor was discharged in a previous bankruptcy on December 23, 2014 (See

10   Docket Item # 272 filed in case # 12-B-353-B-11 converted to 12-29353-B-7 on or around

11   September 9, 2014 in the Eastern District of California, Sacramento Division of the United

12   States Bankruptcy Court with original petition filing date of May 15, 2012). The Debtor will

13   not receive a bankruptcy discharge from any debt as part of the above captioned bankruptcy

14   and this Plan of Reorganization.  This bankruptcy is simply a reorganization of Debtors current

15   debts.

16   8.2 Once completed, this plan of reorganization shall be effective as to all Claims re-

17   gardless of whether a proof of Claim was filed, whether the Claim is an Allowed Claim or

18   whether the holder of the Claim votes to accept the Plan. The automatic stay of Section 362 of

19   the Code shall remain in effect until the case is closed or dismissed.

20   DATED:  July 8, 2016                                Respectfully Submitted,

21

22                                                      By: _Daniel Major Edstrom Sr_____

23                                                      Daniel Major Edstrom Sr.,
                                                        Debtor-in-Possession

24

25

26

27

28   [5] As defined previously in this document

1

**DANIEL MAJOR EDSTROM SR.**
2690 Brown Bear Court
Cool, CA 95614
Ph.: (916) 207-6706
E-mail: dmedstrom@hotmail.com

Debtor-in-possession

## UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

In re:

DANIEL MAJOR EDSTROM SR.,

Debtor in Possession

) CASE NO. 16-24451-B-11
) DC No. DME-1
)
) Date:
) Time:
) Courtroom No.: 32
) Judge: Hon. Christopher D. Jaime
)
) United States Courthouse
) 501 I Street, 6th Floor
) Sacramento, CA 95814
)

### BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S PLAN
### OF REORGANIZATION DATED AND FILED JULY 8, 2016

On July 8, 2016, Debtor Daniel Major Edstrom Sr. filed his Plan of Reorganization dated and filed July 8, 2016 (the "Plan"). The Plan referred to in this ballot can be confirmed by the Court and made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than one-half in number of claims in each class. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of Section 1129 of the Bankruptcy Code. To have your vote counted, you must COMPLETE AND RETURN THIS BALLOT TO THE UNDERSIGNED

NO LATER THAN _____, 2016. The Court has approved the disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you require a copy of the Plan (and/or the Disclosure Statement), contact Daniel Major Edstrom Sr. [(916) 207-6706 or dmedstrom@hotmail.com], and a copy will be sent to you promptly. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

If you believe you are entitled to vote in more than one class under the terms of the Plan and the Bankruptcy Code, and you did not receive what you believe to be the correct number of ballot forms, please duplicate this ballot form and use a separate form for each class in which you vote. If you require additional copies of this ballot for voting purposes, please contact Daniel Major Edstrom Sr. [(916) 207-6706 or dmedstrom@hotmail.com], and additional forms will be sent to you promptly.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in one or more classes under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Daniel Major Edstrom Sr., 2690 Brown Bear Court, Cool, CA 95614 on or before _____, 2016, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ACCEPTANCE OR REJECTION OF PLAN

The undersigned, the holder of a Class [ ] claim against the Debtor in the unpaid amount of $_____ Dollars ($_____)

(Check one box only):      [ ] ACCEPTS THE PLAN      [ ] REJECTS THE PLAN

Dated: _____

Print or type name of Creditor: _____

Print or type name of person signing this Ballot: _____

Signature: _____

Title (if corporation, limited liability company, or partnership): _____

Address: _____

_____

YOU MUST COMPLETE AND RETURN THIS BALLOT NO LATER THAN

_____, 2016 IN ORDER FOR YOUR VOTE TO BE COUNTED.

If you send your ballot by mail, overnight letter, or personal delivery, use the address:

Daniel Major Edstrom Sr.
2690 Brown Bear Court
Cool, CA 95614

If you send your ballot by e-mail, use this e-mail address:

dmedstrom@hotmail.com

## In re Daniel Major Edstrom Sr.; 16-24451-B-11
### Year 2016 Actual and Projected

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue:** | | | | | | | | | | | | | |
| (1)(4) Debtor W2 Income | 9,120.00 | 9,120.00 | 9,600.00 | 12,000.00 | 9,600.00 | 2,403.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 51,843.00 |
| (1)(4) Gross Spouse Business Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 1,050.00 |
| (1)(4) Gross Business Income | 0.00 | 0.00 | 0.00 | 0.00 | 250.00 | 800.00 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 45,398.00 |
| (1)(2) ALTPOA Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (1)(2) Other Income | 4.67 | 4.67 | 4.67 | 2,795.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 2,847.04 |
| **Total Revenue:** | **9,124.67** | **9,124.67** | **9,604.67** | **14,795.67** | **9,854.67** | **3,207.67** | **8,759.27** | **8,759.27** | **8,759.27** | **8,759.27** | **8,759.27** | **8,759.27** | **102,188.04** |
| **Property Expense – Direct Costs (8)** | | | | | | | | | | | | | |
| (8) Property Taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 280.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 280.00 |
| (8) Property insurance | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 1,263.00 |
| (8) Misc property expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| ALTPOA HOA Dues | 184.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 1,288.00 |
| (5) Property maint / reserve | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 | 100.00 | 200.00 |
| **Total Property Expense – Direct Costs** | **289.25** | **105.25** | **105.25** | **105.25** | **105.25** | **385.25** | **289.25** | **289.25** | **289.25** | **289.25** | **389.25** | **389.25** | **4,287.88** |
| **GROSS PROFIT:** | **8,835.42** | **9,019.42** | **9,499.42** | **14,690.42** | **9,749.42** | **2,822.42** | **8,470.02** | **8,470.02** | **8,470.02** | **8,470.02** | **8,370.02** | **8,370.02** | **97,980.16** |
| **Personal Expenses (7)** | | | | | | | | | | | | | |
| Spouse business expenses | 685.51 | 446.38 | 428.82 | 141.31 | 837.19 | 837.19 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 7,952.72 |
| C1 (11) Secured Whole Life Policy Premium (pre-plan payments) | 201.96 | 201.96 | 201.96 | 201.96 | 201.96 | 201.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,778.47 |
| Secured Whole Life Policy Premium (plan payments) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 0.00 |
| Life insurance premiums | 0.00 | 0.00 | 0.00 | 20.57 | 20.57 | 0.38 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 4,950.17 |
| Misc (personal, all other) | 2,948.73 | 2,046.94 | 2,152.11 | 2,516.94 | 1,587.79 | 209.75 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 22,626.34 |
| **Total Personal Expenses:** | **3,837.20** | **2,695.18** | **2,782.89** | **3,188.78** | **3,017.62** | **1,387.28** | **3,469.42** | **3,539.41** | **3,539.41** | **3,539.41** | **3,539.41** | **3,539.41** | **38,075.42** |
| **Business Expenses (9)** | | | | | | | | | | | | | |
| Business Expenses (DTC Systems) | 2,269.06 | 2,461.98 | 1,544.06 | 2,459.57 | 2,650.16 | 2,444.53 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 27,658.72 |
| Spouse Business Expenses (Chaos Analysis) | 16.52 | 2.51 | 29.21 | 1.21 | 120.52 | 118.09 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 576.12 |
| **Total Business Expenses:** | **2,285.58** | **2,464.49** | **1,573.27** | **2,460.78** | **2,770.68** | **2,562.62** | **2,352.90** | **2,352.90** | **2,352.90** | **2,352.90** | **2,352.90** | **2,352.90** | **28,234.84** |
| **NET INCOME:** | **2,712.64** | **3,859.75** | **5,143.26** | **9,038.86** | **3,961.12** | **(1,127.48)** | **2,577.71** | **2,577.71** | **2,577.71** | **2,577.71** | **2,477.71** | **2,477.71** | **31,579.90** |
| **Administrative Expenses:** | | | | | | | | | | | | | |
| C2 (11) Plan payment (Auburn Lake Trails POA ($865)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C3 (11) Plan payment (Capital One ($954)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C4 (11) Plan payment (Credit One ($497)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C5 (11) Plan payment (Merrick Bank ($1,350)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C6 (11) Plan payment (Myron Corp. ($56)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C7 (11) Plan payment (Jan van Eck ($1,200)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C8 (11) Plan payment (Kevin Sarfaty ($2,000)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C9 (11) Plan payment (general unsecured ($30)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| UCA (11) Plan payment (IRS tax debt ($992)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (9) Income taxes / business taxes | 2,116.12 | 2,116.12 | 2,276.04 | 2,532.55 | 2,026.04 | 507.82 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17,574.69 |
| Other taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Case filing / US Trustee Fees | 0.00 | 0.00 | 0.00 | 116.33 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 325.00 | 0.00 | 0.00 | 117.33 |
| (10) Professional fees/costs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 325.00 |
| **Total Administrative Expenses:** | **2,116.12** | **2,116.12** | **2,276.04** | **2,648.88** | **2,026.04** | **507.82** | **0.00** | **0.00** | **1,500.00** | **1,825.00** | **1,500.00** | **1,500.00** | **18,017.02** |
| **NET SURPLUS/DEFICIT:** | **596.52** | **1,743.63** | **2,867.22** | **6,389.98** | **1,935.08** | **(1,635.30)** | **2,577.71** | **2,577.71** | **1,077.71** | **752.71** | **977.71** | **977.71** | **13,562.88** |

**NOTES:**

1) Figures for January through June are actual figures for July through December are projected
2) Interest income $4.67 average per month based on latest tax return) and a $2,731 state income tax refund to Debtor and his non-filing spouse (April 2016)
3) W-2 contract actual gross income, January through June 2016, contract ended May 27, 2016 with final payment in June 2016
4) Actual gross business income for January through June 2016, projected gross business income for July through December 2016
5) Prudent reserves, $100.00 per month for Debtors real property (2680 Brown Bear Court)
6) Expenses related to Debtors rental property (2680 Brown Bear Court)
7) Personal expenses related to Debtor and his family (non-filing spouse and 2 college age children)
8) Real property taxes and insurance. Property taxes based on most recent property tax assessments (2680 Brown Bear Court), hazard insurance is $105.25 per month
9) Personal and business taxes, January 2016 through June 2016 are actual, July 2016 through December 2016 are projected
10) Debtor expects nominal professional fees
11) C1 is for Class 1, C2 is for Class 2, C3 is for Class 3, C4 is for Class 4, C5 is for Class 5, C6 is for Class 6, C7 is for Class 7, C8 is for Class 8, C9 is for Class 9 and UCA is unclassified claims due to IRS

## In re Daniel Major Edstrom Sr.; 16-24451-B-11
### Year 2017 Projected

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue:** | | | | | | | | | | | | | |
| (1X3) Debtor W2 Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (1X4) Gross Spouse Business Income | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 2,100.00 |
| (1X1) Misc. Business Income | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 102,955.20 |
| (1X2) Other Income | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 56.04 |
| **Total Revenue:** | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 105,111.24 |
| **Property Expenses - Direct Costs (6):** | | | | | | | | | | | | | |
| (8) Property Taxes | 0.00 | 1,550.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,550.88 | 0.00 | 3,101.76 |
| (8) Property Insurance | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 1,263.00 |
| (4) Misc. property expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (5) ALTPCA HOA Dues | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 2,208.00 |
| (5) Property maint / reserve | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 1,200.00 |
| **Total Property Expense - Direct Costs** | 389.25 | 1,940.13 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 1,940.13 | 389.25 | 7,772.76 |
| **GROSS PROFIT:** | 8,370.02 | 6,819.14 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 6,819.14 | 8,370.02 | 97,338.48 |
| **Personal Expenses (7):** | | | | | | | | | | | | | |
| Household Expenses | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 22,926.35 |
| Spouse Expenses | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 7,062.72 |
| C1 (11) Secured Whole Life Policy Premium (pre-plan payments) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 153.16 | 153.16 |
| Health Insurance Premiums | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 3,275.40 |
| Misc. (personal, all other) | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 9,208.44 |
| **Total Personal Expenses:** | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 42,472.92 |
| **Business Expenses (9):** | | | | | | | | | | | | | |
| Business Expenses (DTC Systems) | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 27,658.68 |
| Spouse Business Expenses (Check Analysis) | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 576.12 |
| **Total Business Expenses:** | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 28,234.80 |
| **NET INCOME:** | 2,477.71 | 926.83 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 926.83 | 2,477.71 | 26,630.76 |
| **Administrative Expenses:** | | | | | | | | | | | | | |
| C2 (11) Plan payment (Auburn Lake Trails POA ($865)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 228.22 | 228.22 |
| C3 (11) Plan payment ($954)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 258 | 258 |
| C4 (11) Plan payment (Credit One ($457)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 153.16 | 153.16 |
| C5 (11) Plan payment (Mertck Bank ($1,395)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 528.20 | 528.20 |
| C6 (11) Plan payment (Myron Corp. ($56)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.72 | 14.72 |
| C7 (11) Plan payment ($1,200)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 316.56 | 316.56 |
| C6 (11) Plan payment (Kevin Safta ($2,000)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 527.59 | 527.59 |
| C8 (11) Plan payment (general unsecured ($50)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| UCA11 Plan payment (IRS tax debt ($982)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 357.82 | 357.82 |
| (9) Other taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (12) Case filing / US Trustee Fees | 325.00 | 0.00 | 0.00 | 325.00 | 0.00 | 0.00 | 325.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 975.00 |
| (10) Professional fees/costs | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 18,000.00 |
| **Total Administrative Expenses:** | 1,825.00 | 1,500.00 | 1,500.00 | 1,825.00 | 1,500.00 | 1,500.00 | 1,825.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,878.95 | 21,454.95 |
| **NET SURPLUS/DEFICIT:** | 652.71 | (573.17) | 977.71 | 652.71 | 977.71 | 977.71 | 652.71 | 977.71 | 977.71 | 977.71 | (573.17) | (31,501.94) | 5,176.11 |

**NOTES:**

1) Figures for January through December are projected
2) Projected interest income for January through December ($4.67 average per month based on latest tax return)
3) Debtor expects no W-2 employment income (income derived from Debtors business, DTC Systems, Inc.)
4) Projected gross business income for January through December
5) Prudent reserves, $100.00 per month for Debtors real property (2680 Brown Bear Court)
6) Personal expenses related to Debtor and his family (non-filing spouse and 2 college age children)
7) Expenses related to Debtors real property (2680 Brown Bear Court)
8) Real property taxes and insurance. Property taxes based on most recent property tax assessments (2680 Brown Bear Court); hazard insurance is $105.25 per month.
9) Income and business / business taxes
10) Debtor expects nominal professional fees
11) These are debt repayment items in the amounts as provided for in Debtors proposed Plan of Reorganization. C1 is Class 1, C2 is Class 2, C3 is Class 3, C4 is Class 4, C5 is for Class 5, C6 is for Class 6, C7 is for Class 7.
12) Debtor intends to close the bankruptcy on or before the end of June 2016

## In re Daniel Major Edstrom Sr.; 16-24451-B-11
### Year 2018 Projected

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue:** | | | | | | | | | | | | | |
| (1)(3) Debtor W2 Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (1)(4) Gross Spouse Business Income | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 2,100.00 |
| (1)(4) Gross Business Income | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 102,955.20 |
| (1)(2) Other Income | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 56.04 |
| **Total Revenue:** | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $105,111.24 |
| **Property Expense - Direct Costs (6)** | | | | | | | | | | | | | |
| (8) Property Taxes | 0.00 | 1,550.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,550.88 | 0.00 | 3,101.76 |
| (8) Property Insurance | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 1,263.00 |
| Misc. property expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| ALPOA HOA Dues | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 2,208.00 |
| (5) Property maint / reserve | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 1,200.00 |
| **Total Property Expense - Direct Costs** | 389.25 | 1,940.13 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 1,940.13 | 389.25 | 7,772.76 |
| **GROSS PROFIT:** | $8,370.02 | $6,819.14 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $6,819.14 | $8,370.02 | $97,338.48 |
| **Personal Expenses (7)** | | | | | | | | | | | | | |
| Household Expenses | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 22,926.36 |
| Spouse business expenses | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 7,062.72 |
| C1 (11) Secured Whole Life Policy Premium (pre-plan payments) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Secured Whole Life Policy Premium (plan payments) | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 3,275.40 |
| Health Insurance Premiums | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 9,208.44 |
| Medical (personal, all other) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Personal Expenses:** | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 42,472.92 |
| **Business Expenses (9)** | | | | | | | | | | | | | |
| Business Expenses (DTC Systems) | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 27,658.68 |
| Spouse Business Expenses (Check Analysis) | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 576.12 |
| **Total Business Expenses** | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 28,234.80 |
| **NET INCOME:** | $2,477.71 | $926.83 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $926.83 | $2,477.71 | $26,630.76 |
| **Administrative Expenses:** | | | | | | | | | | | | | |
| C2(11) Plan payment [Auburn Lake Trails HOA ($565)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 228.22 | 228.22 |
| C3(11) Plan payment [Capital One ($95)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 355.28 | 355.28 |
| C4(11) Plan payment [Credit One ($457)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 153.10 | 153.10 |
| C5(11) Plan payment [Merrick Bank ($1,398)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 526.20 | 526.20 |
| C6(11) Plan payment [Myron ($56)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.72 | 14.72 |
| C7(11) Plan payment [Jamison ($61)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 319.85 | 319.85 |
| C8(11) Plan payment [Kevin Saltis ($2,000)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 527.59 | 527.59 |
| C9(11) Plan payment [general unsecured ($50)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 357.62 | 357.62 |
| UCA(11) Plan payment [IRS tax debt ($992)] | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 18,000.00 |
| **Total Administrative Expenses** | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,978.65 | 20,478.95 |
| **NET SURPLUS/(DEFICIT):** | $977.71 | $(573.17) | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $(573.17) | $(1,501.94) | $6,151.11 |

**NOTES:**

1) Figures for January through December are projected
2) Projected interest income for January through December (income derived from Debtor's business, DTC Systems, Inc.)
3) Debtor expects no W2 employment income (income derived from Debtor's business through December)
4) Projected gross business income for January through December
5) Prudent reserves. $100.00 per month for Debtor's real property (2650 Brown Bear Court)
6) Expenses related to Debtor's real property (2650 Brown Bear Court)
7) Personal expenses related to Debtor and his family (non-filing spouse and 2 college age children)
8) Real property taxes and insurance. Property taxes based on most recent property tax assessments (2650 Brown Bear Court), hazard insurance is $105.25 per month.
9) Personal and business taxes. January through December projected
10) Debtor expects nominal professional fees
11) These are debt repayment items in the amounts as provided for in Debtor's proposed Plan of Reorganization. C1 is Class 1, C2 is Class 2, C3 is Class 3, C4 is Class 4, C5 is for Class 5, C6 is for Class 6, C7 is for Class 7. C8 is for Class 8, C9 is for Class 9 and UCA is undissected claims due to IRS

## In re Daniel Major Edstrom Sr.; 16-24451-B-11
### Year 2019 Projected

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue:** | | | | | | | | | | | | | |
| Debtor W2 Income (1)(3) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gross Spouse Business Income (1)(4) | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 2,100.00 |
| Spouse Business Income (1)(4) | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 102,955.04 |
| Other income (1)(2) | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 56.04 |
| **Total Revenue:** | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $105,111.24 |
| | | | | | | | | | | | | | |
| **Property Expenses - Direct Costs (6)** | | | | | | | | | | | | | |
| (8) Property Taxes | 0.00 | 1,550.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,550.88 | 0.00 | 3,101.76 |
| (8) Property Insurance | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 105.25 | 1,263.00 |
| Misc. property expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| ALTPDA HOA Costs | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 2,208.00 |
| (5) Property maint./reserve | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 1,200.00 |
| **Total Property Expense - Direct Costs** | 389.25 | 1,940.13 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 1,940.13 | 389.25 | $7,772.76 |
| **GROSS PROFIT:** | $8,370.02 | $6,818.14 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $6,818.14 | $8,370.02 | $97,338.48 |
| | | | | | | | | | | | | | |
| **Personal Expenses (7)** | | | | | | | | | | | | | |
| Household Expenses | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 22,926.36 |
| C1 (11) Secured Whole Life Policy Premium (pre-plan payments) | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 7,062.72 |
| Secured Whole Life Policy Premium (plan payments) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C1 (11) Misc. (personal, all other) | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 3,275.40 |
| Health Insurance Premiums | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 9,208.44 |
| Misc. (personal, all other) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Personal Expenses:** | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 42,472.92 |
| | | | | | | | | | | | | | |
| **Business Expenses (9)** | | | | | | | | | | | | | |
| Business Expenses (DTC Systems) | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 27,658.68 |
| Spouse Business Expenses (Chris Analysis) | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 576.12 |
| **Total Business Expenses:** | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 28,234.80 |
| **NET INCOME:** | $2,477.71 | $926.83 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $926.83 | $2,477.71 | $26,630.76 |
| | | | | | | | | | | | | | |
| **Administrative Expenses:** | | | | | | | | | | | | | |
| C2 (11) Plan payment (Auburn Lake Trails POA ($866)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 228.22 | 228.22 |
| C3 (11) Plan payment (Capital One ($856)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 35.08 | 35.08 |
| C4 (11) Plan payment (Credit One ($457)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 153.16 | 153.16 |
| C5 (11) Plan payment (Merrick Bank ($1,365)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 526.20 | 526.20 |
| C6 (11) Plan payment (Navy Fed ($840)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.72 | 14.72 |
| C7 (11) Plan payment (Nissan ($2,000)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 316.58 | 316.58 |
| C8 (11) Plan payment (Kevin Sahta ($2,000)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 527.59 | 527.59 |
| C9 (11) Plan payment (general unsecured ($0)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| UCA (11)(12) Plan payment (IRS tax debt ($592)) | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 18,000.00 |
| (9) Income taxes business taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Other taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 343.86 | 343.86 |
| Case filing / US Trustee Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional Fees/costs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Administrative Expenses:** | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,965.89 | 20,465.89 |
| **NET SURPLUS/DEFICIT:** | $977.71 | ($573.17) | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | ($573.17) | ($1,488.18) | $6,164.87 |

**NOTES:**

1) Figures for January through December are projected
2) Projected interest income for January through December ($4.67 average per month based on latest tax return)
3) Debtor expects no W2 employment income (income derived from Debtor's business, DTC Systems, Inc.)
4) Projected gross business income for January through December
5) Property reserves. $100.00 per month for Debtor's real property (2690 Brown Bear Court)
6) Prudent reserves. $100.00 per month for Debtor's real property (2690 Brown Bear Court)
7) Expenses related to Debtor and his family (non-filing spouse and 2 college age children)
8) Personal expenses related to Debtor and his family (2690 Brown Bear Court)
9) Real property taxes and insurance. Property taxes based on most recent property tax assessments (2690 Brown Bear Court); hazard insurance is $105.25 per month
10) Debtor expects nominal professional fees
11) These are the debt repayment items in the amounts as provided for in Debtor's proposed Plan of Reorganization. C1 is Class 1, C2 is Class 2, C3 is Class 3, C4 is Class 4, C5 is for Class 5, C6 is for Class 6, C7 is for Class 7.
12) Debtor makes his final plan payments for (UCA) undissected priority claim of the IRS on December 1, 2019

## In re Daniel Major Edstrom Sr., 16-24451-B-11
### Year 2020 Projected

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue:** | | | | | | | | | | | | | |
| (1)(3) Debtor W2 Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (1)(4) Gross Spouse Business Income | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 2,100.00 |
| (1)(3) Business Income | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 102,955.20 |
| (1)(2) Other Income | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 56.04 |
| **Total Revenue:** | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 8,759.27 | 105,111.24 |
| **Property Expense - Direct Costs (8)** | | | | | | | | | | | | | |
| (8) Property Taxes | 0.00 | 1,550.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,550.88 | 0.00 | 3,101.76 |
| (8) Property Insurance | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 106.25 | 1,283.00 |
| Misc. property expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| ALTFCA HOA Dues | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 2,208.00 |
| (5) Property maint./reserve | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 1,200.00 |
| **Total Property Expense - Direct Costs** | 389.25 | 1,940.13 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 1,940.13 | 389.25 | 7,772.76 |
| **GROSS PROFIT:** | 8,370.02 | 6,819.14 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 8,370.02 | 6,819.14 | 8,370.02 | 97,338.48 |
| **Personal Expenses (7)** | | | | | | | | | | | | | |
| Household Expenses | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 22,926.36 |
| Secured Whole Life Policy Premium (pre-plan payments) | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 586.56 | 7,038.72 |
| C1 (11) Secured Whole Life Policy Premium (plan payments) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Health Insurance Premiums | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 3,275.40 |
| Plan payment, all other | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 9,208.44 |
| (personal, all other) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Personal Expenses:** | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 3,538.41 | 42,472.92 |
| **Business Expenses (9)** | | | | | | | | | | | | | |
| Business Expenses (DTC Systems) | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 27,658.68 |
| Spouse Business Expenses (Chaos Analysis) | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 576.12 |
| **Total Business Expenses:** | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 28,234.80 |
| **NET INCOME:** | 2,477.71 | 926.83 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 2,477.71 | 926.83 | 2,477.71 | 26,630.76 |
| **Administrative Expenses:** | | | | | | | | | | | | | |
| C2 (11) Plan payment [Auburn Lake Trails POA ($965)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 225.22 | 225.22 |
| C3 (11) Plan payment [Capital One ($956)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 355.58 | 355.58 |
| C4 (11) Plan payment [Credit One ($457)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 153.16 | 153.16 |
| C5 (11) Plan payment [Merrick Bank ($1,385)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 526.20 | 526.20 |
| C6 (11) Plan payment [Myron Corp. ($90)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.72 | 14.72 |
| C7 (11) Plan payment [Janus ($1,000)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 319.56 | 319.56 |
| C8 (11) Plan payment [Kevin Satta ($2,000)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 527.59 | 527.59 |
| C9 (11) Plan payment [general unsecured ($50)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| UCA (11) Plan payment [IRS tax debt ($982)] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (9) Plan payment (general unsecured) | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 18,000.00 |
| Other taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Case filing / US Trustee Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional Fees/costs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Administrative Expenses:** | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,622.03 | 20,122.03 |
| **NET SURPLUS/DEFICIT:** | $977.71 | ($573.17) | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | ($573.17) | ($1,144.32) | $6,508.73 |

**NOTES:**

1) Figures for January through December are projected
2) Projected interest income from January through December ($4.67 average per month based on latest tax return)
3) Debtor expects no W-2 employment income (income derived from Debtors business, DTC Systems, Inc.)
4) Projected gross business income for January through December
5) Prudent reserves, $100.00 per month for Debtors real property (2680 Brown Bear Court)
6) Expenses related to Debtors real property (2680 Brown Bear Court)
7) Personal expenses related to Debtor and his family (non-filing spouse and 2 college age children)
8) Real property taxes and insurance. Property taxes based on most recent property tax assessments (2680 Brown Bear Court); hazard insurance is $105.25 per month.
9) Personal and business taxes, January through December projected
10) Debtor expects nominal professional fees
11) These are debt repayment items in the amounts as provided for in Debtors proposed Plan of Reorganization. C1 is Class 1, C2 is Class 2, C3 is Class 3, C4 is Class 4, C5 is for Class 5, C6 is for Class 6, C7 is for Class 7. C8 is for Class 8, C9 is for Class 9 and UCA is unclassified claims due to IRS.

Case 16-24451   Filed 07/12/16   Doc 12

## In re Daniel Major Edstrom Sr.; 16-2451-B-11
### Year 2021 Projected

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC(10) | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue:** | | | | | | | | | | | | | |
| Debtor W2 Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Gross Spouse Business Income | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 2,100.00 |
| Gross Business Income | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 8,579.60 | 102,955.20 |
| Other Income | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 4.67 | 56.04 |
| **Total Revenue:** | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $8,759.27 | $105,111.24 |
| **Property Expenses - Direct Costs** | | | | | | | | | | | | | |
| Property Taxes | 0.00 | 1,550.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,550.88 | 0.00 | 3,101.76 |
| Property insurance | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 105.26 | 1,263.12 |
| Misc property expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| All PCA HOA Dues | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 184.00 | 2,208.00 |
| Property maint / reserve | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 1,200.00 |
| **Total Property Expense - Direct Costs** | 389.25 | 1,940.13 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 389.25 | 1,940.13 | 389.25 | $7,772.76 |
| **GROSS PROFIT:** | $8,370.02 | $6,819.14 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $8,370.02 | $6,819.14 | $8,370.02 | $97,338.48 |
| **Personal Expenses** | | | | | | | | | | | | | |
| Household Expenses | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 1,910.53 | 22,926.36 |
| Spouse Expenses | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 588.56 | 7,062.72 |
| Secured Whole Life Policy Premium (pre-plan payments) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C1 (1)  Secured Whole Life Policy Premium (plan payments) | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 272.95 | 3,275.40 |
| Health Insurance Premiums ($) | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 767.37 | 9,208.44 |
| Misc (personal, all other) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Personal Expenses** | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 3,539.41 | 42,472.92 |
| **Business Expenses** | | | | | | | | | | | | | |
| Business Expenses (DTC Systems) | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 2,304.89 | 27,658.88 |
| Spouse Business Expenses (Chaos Analysis) | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 48.01 | 576.12 |
| **Total Business Expenses** | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 2,352.90 | 28,234.80 |
| **NET INCOME:** | $2,477.71 | $926.83 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $2,477.71 | $926.83 | $2,477.71 | $26,630.76 |
| **Administrative Expenses:** | | | | | | | | | | | | | |
| C2 (2)  Plan payment (Auburn Lake Trails POA ($865)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 207.47 | 207.47 |
| C3 (3)  Plan payment (Capital One ($956)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 284.48 | 284.48 |
| C4 (4)  Plan payment (Credit One ($457)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 127.48 | 127.48 |
| C5 (5)  Plan payment (Mercedes Benz ($1,386)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 418.62 | 418.62 |
| C6 (6)  Plan payment (Myron Corp ($56)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.38 | 15.38 |
| C7 (7)  Plan payment (Jan Van Eck ($1,200)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 297.78 | 297.78 |
| C8 (8)  Plan payment (Kevin Saltis ($2,000)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 479.63 | 479.63 |
| C9 (9)  Plan payment (general unsecured ($50)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Income taxes / business taxes | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 18,000.00 |
| Case filing / US Trustee Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional Fees/costs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Other taxes | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| UCA (10)  Plan payment (IRS tax debt ($962)) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Administrative Expenses:** | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,318.84 | 19,818.64 |
| **NET SURPLUS/DEFICIT:** | $977.71 | ($573.17) | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | $977.71 | ($573.17) | ($841.13) | $6,811.92 |

**NOTES:**

C1   1) Monthly payments will continue at the same fixed amount throughout the entire duration of the Plan, and continue beyond the Plan's December 2021 month of completion, as listed in the unexpired contractual agreements

C2   2) Debtor makes his final plan payments for Class 2 claimholders

C3   3) Debtor makes his final plan payment for Class 3 claimholders

C4   4) Debtor makes his final plan payments for Class 4 claimholders

C5   5) Debtor makes his final plan payments for Class 5 claimholders

C6   6) Debtor makes his final plan payments for Class 6 claimholders

C7   7) Debtor makes his final plan payments for Class 7 claimholders

C8   8) Debtor makes his final plan payments for Class 8 claimholders

C9   9) Debtor makes his final plan payments for Class 9 claimholders

C9   10) All plan payments have been made as of December 1, 2021 at which point the Plan is fully performed and terminates