5
DARLENE C. VIGIL
CA NO. 223442
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
Phone: (972) 341-0951, Fax: (972) 661-7725
File No. 6164255
E-mail:  EDCAECF@BDFGROUP.COM

Attorneys for Objecting Secured Creditor
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
FOR RESIDENTIAL ASSET SECURITIES CORPORATION,
HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-EMX4

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | CASE NO.: 16-24451-B-11 |
|---|---|
| DANIEL MAJOR EDSTROM SR. | DCN: DME-2 |
| Debtors. | OBJECTION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT (DKT. #21) |
| | [Collateral:  1st Trust Deed – 2690 Brown Bear Court, Cool, CA] |
| | <u>HEARING</u>:<br>DATE:     September 13, 2016<br>TIME:     2:30 P.M.<br>CTRM:    32 |

COMES NOW, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR

RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-

1
Objection

BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EMX4 ("U.S. Bank" or "Secured Creditor") and hereby submits the following objections to the Debtor's Amended Disclosure Statement, Dkt. #21 ("ADS") filed by DANIEL MAJOR EDSTROM ("Debtor") based upon the following:

1. U.S. Bank holds a secured claim evidenced by a promissory note in the original principal sum of $500,000.00 executed by Debtor Daniel Major Edstrom and Teri Anne Edstrom in favor of U.S. Bank's predecessor in interest Mortgage Lenders Network USA, Inc. on or about September 7, 2005, collateralized by a first priority deed of trust encumbering Debtor's residence located at **2690 Brown Bear Court, Cool, California 95614 ("**Property") and recorded on September 14, 2005 as Document Number 2005-0077328-00 in the Official Records of El Dorado County, California ("Deed of Trust"). A copy of the Deed of Trust is attached to the Request for Judicial Notice document filed concurrently herewith.

2. U.S. Bank is in the process of filing a Proof of Claim in the Debtor's case. U.S. Bank has advised that the approximate prepetition arrears total $384,937.69, consisting of ninety-seven (97) delinquent mortgage payments totaling $373,610.31, *plus* $11,327.38 total prepetition mortgage fees/advances/expenses. U.S. Bank has advised that the loan is due for the July 1, 2008 monthly mortgage installment. U.S. Bank has also advised that the postpetition mortgage payment is $3,662.17.

3. Debtor commenced the within bankruptcy proceeding under Chapter 11 of the Bankruptcy Code on July 8, 2016. On July 25, 2016, Debtor filed the subject ADS along with a proposed amended Chapter 11 Plan of Reorganization, Docket # 20 (the "Amended Plan"). The ADS alleges that "no valid pre-petition secured claims were perfected prior to Debtors previous bankruptcy (filed May 15, 2012) and no valid pre-petition secured claims exist prior to the petition in this bankruptcy (filed July 8, 2016)" (ADS, page 15, lines 21-23). U.S. Bank's Deed of Trust

was duly perfected as a first priority lien encumbering Debtor's residence on September 14, 2005, more than six years for before the filing of Debtor's May 15, 2012 case and more than ten years before the filing of the current case. Further, Debtor's discharge in his prior bankruptcy did not affect the secured status of the Deed of Trust.

4. The ADS fails to provide for the payment of U.S. Bank's claim and payment of the post-petition mortgage installments.

5. U.S. Bank submits that the ADS fails to comply with §1125(a)(1) as it does not provide adequate information. Adequate information is defined in the Bankruptcy Code to mean:

> "adequate information" means information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information." 11 U.S.C. §1125(a)(1).

6. Secured Creditor alleges that the ADS is inadequate based on the following:

   A. <u>Fails to Provide for Treatment of Secured Creditor's Claim</u>: The ADS reflects that Debtor seeks to retain the Property; however, the ADS fails to provide for payment of the ongoing mortgage or cure of the significant pre-petition delinquency that has accrued.

   B. <u>Valuation of Cool Property</u>: The ADS reflects that Debtor seeks to value the Property. Secured Creditor objects to any proposed bifurcation of its claim. Secured Creditor maintains that the Debtor's loan obligation is secured solely by the Debtor's residence. Thus, Secured Creditor's claim is protected by the antimodification provision of the bankruptcy code. How is Debtor going to fund a plan that cures $384,937.69 in prepetition arrears? Alternatively, if the claim

can be bifurcated, Secured Creditor maintains that the value of the Cool Property remains in dispute. To date, Debtor has not filed a motion to value.  Further, in the event that the claim may be subject to a cram down, the ADS fails to address how a §1111(b) by this creditor may affect his proposed plan.

  C. <u>Source of Funding Plan</u>:  Debtor alleges that the Plan will be funded from his income from operating his business.  We do not know much about the Debtor's business except:

   i. The business has no employees (ADS, page 7, lines 24-25 );

   ii. The nature of the business is information technology as well as litigation support and securitization reverse engineering and failure analysis (ADS, page 8, lines 4-6) and exactly what those terms mean is unclear;

   iii. Debtor just ended a 22-month contract with Mastech (ADS, page 7, lines 25-26);

   iv. Debtor estimates his monthly gross revenue at $8,759.27 (ADS, page 24, line 17);

   v. Debtor has filed one monthly operating report for July, 2016 (Dkt. #32) which reflects that Debtor's monthly cash receipts total $2,764, disbursements total $6103, resulting in a negative monthly cash flow of ($3,339.00).  Debtor's estimated monthly revenue substantially differs from his current monthly revenue set forth in the operating report.

<u>See,</u> *In re Silberkraus*, 253 B.R. 890, 899 (Bkrtcy. C.D.Cal. 2000) the Court should not approve a Disclosure Statement if the Plan is not confirmable.

  D. <u>Value of Debtor's Interest in DTC Systems, Inc</u>. – Debtor has not provided any reliable information as to the value of his business.  Debtor has failed to adequately describe how he arrived at the alleged $10,000 value of his interest in DTC Systems, Inc.  Debtor should hire an

1 independent third party accountant and obtain a valuation of his business because his source of
2 income to fund his plan is from the profit of his business.

For the foregoing reasons, Secured Creditor requests that this Court deny the Debtor's ADS.

                                  BARRETT DAFFIN FRAPPIER TREDER
                                  & WEISS, LLP

Dated: August 30, 2016          By:    /s/ Darlene C. Vigil
                                        DARLENE C. VIGIL
                                        Attorneys for Secured Creditor