FILED
NOV 22 2016
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

$0.00

```
1  DANIEL MAJOR EDSTROM SR.
2  2690 BROWN BEAR COURT
   COOL, CA 95614
3  TEL: 916/207-6706
   EMAIL: DMEDSTROM@HOTMAIL.COM
4
5  Debtor-in-possession
```

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| IN Re DANIEL MAJOR EDSTROM SR.<br><br>Debtor and Debtor-in-possession. | ) CASE NO. 16-24451<br>)<br>) DC NO. DME-2<br>)<br>) CHAPTER 11<br>) |
| DANIEL MAJOR EDSTROM SR.<br><br>Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EMX4,<br><br>Appellee. | ) **NOTICE OF APPEAL**<br>)<br>) Courtroom No.: 32<br>) Judge: Hon. Christopher D. Jaime<br>)<br>) United States Courthouse<br>) 501 I Street, 6th Floor<br>) Sacramento, CA 95814<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF APPEAL

DANIEL MAJOR EDSTROM SR., the Debtor and Debtor-in-possession of the above captioned bankruptcy proceeding ("Debtor" or "Appellant"), hereby appeals pursuant to 28 U.S.C. § 158(a) from the Order Dismissing Case (the "Order") [Docket Item Number 72] filed

1 | in the Chapter 11 case 16-24451-B-11 by the United States Bankruptcy Court for the Eastern
2 | District of California (the Honorable Christopher D. Jaime, presiding) on November 9th, 2015
3 | (entered on November 10, 2015), and all Interlocutory Orders as evidenced in the Record. A
4 | copy of the Order on Motion is attached as Exhibit "1".

The Appellee does not appear in the bankruptcy schedules. Nonetheless appellee filed unsupported objections to Appellants Motion to approve the adequacy of his first amended disclosure statement.

The order of dismissal from which Appellant appeals follows a series of rulings on motions and evidentiary objections, which Petitioner/Appellant has preserved for appeal.

1. The trial court failed to identify the Appellee. Instead the trial court treated the Appellee as though it was U.S. Bank National Association instead of the trustee for a purported trust. No trust or trust beneficiaries were identified. No writing exists or was proven to exist establishing a trust, appointing a trustee, identifying any contributions or trust property, or identifying any beneficiaries.

2. The trial court failed to identify necessary and indispensable parties, including mutually exclusive parties to an alleged singular claim and any purported beneficiaries.

3. The Appellee was not included in the schedules because it is neither a creditor nor the successor to any creditor in relation to the Appellant. Neither is it a holder in due course, servicer or agent of, or for, any creditor.

4. The Trial court failed to rule on of the issue of the identification of the creditor, but sustained the objection filed by the Appellee.

5. The trial court failed to apply established rules of evidence and rules of procedure for the court and instead forced the burden of persuasion and the burden of proof onto the Appellant — all without Appellee supplying any evidence to establish its standing or even involvement with the alleged subject loan.

6. Without taking any evidence, the Trial court presumed that the Appellee had standing and then took judicial notice (*sua sponte*) of **Appellant's** previous bankruptcy docket and *erroneously* concluded that Appellant had admitted that a secured claim existed on his real property despite proffered evidence to the contrary.

7. Without taking any further evidence and without a hearing the trial court then deemed the petition for Chapter 11 relief to be in bad faith, erroneously applying the two party dispute doctrine, despite clear issues raised by the Appellant as to the identity of the creditor and the authority of multiple other entities claiming rights to collect or enforce a debt that was neither funded nor purchased by any of them.

///

The names of all the parties to the Order and Order on Motion appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Appellant | Attorney of Record for Appellant |
|---|---|
| DANIEL MAJOR EDSTROM SR. | Daniel Major Edstrom Sr., in Pro Per<br>2690 Brown Bear Court<br>Cool, California, 95614<br>Tel: (916) 207-6706<br>Email: dmedstrom@dtc-systems.com |
| **Respondents (Movant)**<br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EMX4 | **Attorney for Respondents**<br>DARLENE C. VIGIL (BAR No. 223442)<br>Barrett Daffin Frappier Treder & Weiss<br>20955 Pathfinder Road, Suite 500<br>Diamond Bar, CA 91765<br>Telephone: (972) 341-0951<br>edcaecf@bdfgroup.com |

**Office of the US Trustee**
**Robert Matsui United States Courthouse,**
**501 I Street, Room 7-500**
**Sacramento, Ca., 95814**

DATED: This 22nd day of November, 2016

By: *Daniel Major Edstrom Sr.*
_____
DANIEL MAJOR EDSTROM SR.
APPELLANT